1  ROBERT L. WALLAN (SBN 126480)
   robert.wallan@pillsburylaw.com
2  CAROLYN S. TOTO (SBN 233825)
   carolyn.toto@pillsburylaw.com
3  MICHAEL R. KREINER (SBN 316625)
   michael.kreiner@pillsburylaw.com
4  PILLSBURY WINTHROP SHAW PITTMAN LLP
   725 South Figueroa Street, Suite 2800
5  Los Angeles, CA  90017-5406
   Telephone:   (213) 488-7100
6  Facsimile:    (213) 629-1033

7  Attorneys for Plaintiff Sushi Nozawa, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| SUSHI NOZAWA, LLC, a Delaware limited liability company,<br><br>             Plaintiff,<br><br>     vs.<br><br>The HRB Experience, LLC, a California liability company,<br><br>             Defendant. | Case No.<br><br>**PLAINTIFF SUSHI NOZAWA, LLC'S COMPLAINT FOR: (1) FEDERAL TRADEMARK INFRINGEMENT [15 U.S.C. § 1114]; (2) FEDERAL UNFAIR COMPETITION [15 U.S.C. § 1125(a)]; (3) COMMON LAW UNFAIR COMPETITION; AND (4) CALIFORNIA STATUTORY UNFAIR COMPETITION [Cal. Bus. & Prof. Code §§ 17200 *et seq*.]**<br><br>**JURY TRIAL DEMANDED** |

4826-4879-7091.v1

Plaintiff Sushi Nozawa, LLC ("Sushi Nozawa") alleges as follows:

## JURISDICTION AND VENUE

1. This is a civil action seeking monetary damages and injunctive relief under federal and California law based upon trademark infringement and unfair competition by defendant The HRB Experience, LLC ("Defendant"). Defendant has recently adopted the phrase THE HAND ROLL BAR EXPERIENCE and THE HRB EXPERIENCE (the "THE HAND ROLL BAR EXPERIENCE Marks") in connection with restaurant services and to sell sushi in direct competition with Sushi Nozawa, which provides restaurant services and sells sushi under the THE ORIGINAL HAND ROLL BAR and THE ORIGINAL HAND ROLL BAR FOUNDED 2014 LOS ANGELES marks, each of which is protected by federal trademark registrations. According to Defendant's website, physical signs, and social media feeds, Defendant is opening restaurants near Sushi Nozawa's restaurants very soon. Defendant's use of the THE HAND ROLL BAR EXPERIENCE Marks is likely to confuse and mislead the consuming public, and injure Sushi Nozawa, by causing consumers to believe incorrectly that Defendant's products originate from or are authorized by Sushi Nozawa.

2. The Court has federal question jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) over Sushi Nozawa's First and Second Claims for Relief for infringement of federally registered trademarks and unfair competition actionable under the Lanham Act, 15 U.S.C. §§ 1051 *et seq.*, because the claims arise under an act of Congress relating to trademarks. The Court has jurisdiction pursuant to 28 U.S.C. § 1338(b) over Sushi Nozawa's Third and Fourth Claims for Relief under California law for common law unfair competition and statutory unfair competition under Cal. Bus. & Prof. Code §§ 17200 *et seq.* because those claims are joined with substantial and related claims under the trademark laws, and the Court also has supplemental jurisdiction over those claims under 28 U.S.C. § 1367(a) because those claims are so related to Sushi Nozawa's claims within the Court's original jurisdiction that they

4826-4879-7091.v1

form part of the same case or controversy under Article III of the United States Constitution.

3. This Court has personal jurisdiction over Defendant, and venue is proper in the Central District of California pursuant to 28 U.S.C. § 1391(b). Sushi Nozawa is informed and believes, and based thereon alleges, that Defendant is based in Los Angeles and plans to operate its restaurants throughout the Central District of California, including in Los Angeles. The effects of Defendant's infringing acts have been felt in the State of California and in this District, where Sushi Nozawa is located, and a substantial part of the events or omissions giving rise to Sushi Nozawa's claims occurred in this District.

## THE PARTIES

4. Sushi Nozawa is a Delaware limited liability company having its principal place of business in Santa Monica, California. Sushi Nozawa operates several popular groups of restaurants specializing in sushi, and in particular, sushi hand rolls, and related products and services.

5. Sushi Nozawa is informed and believes, and based thereon alleges, that Defendant is a California limited liability company, having a principal place of business at 8271 Melrose Avenue, Los Angeles CA 90046. Sushi Nozawa is further informed and believes, and based thereon alleges, that Defendant is planning to open a chain of restaurants specializing in sushi hand rolls and related products and services and will sell its products in this judicial district.

## SUSHI NOZAWA'S BUSINESS AND MARKS

6. Sushi Nozawa was founded by legendary master sushi chef Kazunori Nozawa who trained and owned sushi restaurants in Japan before moving to the United States. When Chef Nozawa immigrated to the United States, he used his many years of experience and training to open Sushi Nozawa in California in 1987 with the goal of providing high-quality ingredients and educating Americans on the enjoyment and etiquette of excellent sushi. Known for his reputation of strictly

adhering to traditional sushi principles and rules and ejecting patrons who did not follow those principles or rules, Chef Nozawa was the first in many ways. He helped introduce and popularize the Omakase-style menu in the United States. He also helped create the first United States sushi restaurant dedicated to sushi hand rolls, KazuNori, opened in 2014.

7. At KazuNori, Sushi Nozawa creates a memorable experience centered all around the eating of Chef Nozawa's famous sushi hand rolls, highlighting the role and relationship of each ingredient, from the freshest fish to the specially harvested seaweed to Chef Nozawa's signature rice served at just the right temperature. Since its unique creation, several others have copied KazuNori to varying degrees and opened up sushi restaurants dedicated to or specializing in sushi hand rolls.

8. Chef Nozawa has amassed a dedicated and enthusiastic following and has received rave reviews from both food critics and consumers alike. Today, Sushi Nozawa operates a group of successful sushi restaurants, including KazuNori, SUGARFISH and Nozawa Bar, in 18 locations in the Los Angeles and New York City areas. KazuNori also serves its sushi hand rolls at the well-known Santa Monica Farmers' Market. Sushi Nozawa's restaurants have become a destination that sushi lovers travel from all over the country to experience.

9. Celebrated for its fresh, specially sourced ingredients and other high standards of quality, KazuNori consistently rates as a top sushi restaurant in customer satisfaction surveys and restaurant rankings and is often featured in various media publications. Sushi Nozawa has amassed tremendous consumer goodwill over the years and consumers have come to recognize KazuNori and THE ORIGINAL HAND ROLL BAR and associate those brands with Sushi Nozawa and its high-quality products and services.

10. Sushi Nozawa owns a family of marks, along with the goodwill associated therewith, that are used in its restaurants in association with its food offerings, including the following valid and subsisting United States trademark

registrations (collectively, the "Registered Marks") registered on the Supplemental Register of the United States Patent and Trademark Office (the "USPTO"):

    (a) U.S. Reg. No. 4,787,707, registered on August 4, 2015, for the mark THE ORIGINAL HAND ROLL BAR, registered in international class 43 for restaurant services, with a date of first use of April 30, 2014; and

    (b) U.S. Reg. No. 4,787,708, registered on August 4, 2015, for the mark THE ORIGINAL HAND ROLL BAR FOUNDED 2014 LOS ANGELES, registered in international class 43 for restaurant services, with a date of first use of April 30, 2014.

11. True and correct copies of the registration certificates for the Registered Marks are attached hereto as **Exhibits A-B**, respectively, and are incorporated by reference.

12. Sushi Nozawa owns all right, title and interest in and to the Registered Marks. The Registered Marks have been used in interstate commerce, including extensively in California, to identify and distinguish Sushi Nozawa's products and services for many years, and they serve as symbols of Sushi Nozawa's quality, reputation, and goodwill. Sushi Nozawa's menu is well known across the United States for its dedication to serving fresh, high quality and delicious food.

13. Since at least as early as 2014, Sushi Nozawa has continuously used its Registered Marks in connection with restaurant services and sushi products in interstate commerce.

14. Moreover, Sushi Nozawa is the applicant for pending trademark applications filed on the Principal Register for the same marks (collectively, the "Pending Applications"):

    (a) U.S. Ser. No. 88/570,455, filed on August 7, 2019, for the mark THE ORIGINAL HAND ROLL BAR, in international class 43 for restaurant services, with a date of first use of April 30, 2014; and

(b) U.S. Ser. No. 88/570,512, filed on August 7, 2019, for the mark THE ORIGINAL HAND ROLL BAR FOUNDED 2014 LOS ANGELES, in international class 43 for restaurant services, with a date of first use of April 30, 2014.

15. Sushi Nozawa makes use of its Registered Marks in interstate commerce, including extensively throughout California, by displaying them on product packaging, menus, signage, promotional materials and advertising materials, both online and in print.

16. Sushi Nozawa has invested millions of dollars in developing, advertising and otherwise promoting the Registered Marks in the United States in an effort to create a strong association among Sushi Nozawa's products and services, its consumer goodwill and its Registered Marks.

17. As a result of the care and skill exercised by Sushi Nozawa in the conduct of its business, the high quality of its products and services offered under its Registered Marks, and the extensive advertising, sale and promotion of Sushi Nozawa's products and services under the Registered Marks, the Registered Marks have acquired secondary meaning throughout the United States, and they are widely recognized by the general consuming public as a designation that Sushi Nozawa is the source of the goods and services bearing the Registered Marks.

18. Since the date of first use of each of the Registered Marks, Sushi Nozawa has intended to maintain exclusive ownership of the Registered Marks and to continue use of the Registered Marks in interstate commerce, including extensively in California, in connection with Sushi Nozawa's products and services.

19. Sushi Nozawa has carefully monitored and policed the use of the Registered Marks and maintains tight control over the use of the Registered Marks.

**DEFENDANT'S INFRINGING ACTS**

20. Sushi Nozawa is informed and believes, and based thereon alleges, that Defendant is in exactly the same industry as Sushi Nozawa, as Defendant's

1  marketing demonstrates it intends to operate a chain of sushi restaurants specializing in sushi hand rolls.

21. Sushi Nozawa is informed and believes, and based thereon alleges, that Defendant will soon open and operate at least two locations in California, both in the Los Angeles area. A true and correct screenshot of the home page of Defendant's webpage (https://www.thehrbexperience.com/) as of the date of filing of the original Complaint on September 4, 2019 is attached hereto as **Exhibit C** and a true and correct copy of a photo of one of Defendant's storefront is attached hereto as **Exhibit D**. Both restaurants will be in close proximity to Sushi Nozawa's KazuNori restaurants.

22. Defendant has advertised, and continues to advertise, its restaurants and products in connection with THE HAND ROLL BAR EXPERIENCE Marks. *See* **Exhibit C**. Defendant also advertised, and continues to advertise, its restaurants and products on online and through its social media accounts. *See e.g.,* Defendant's profile on Instagram. A true and correct copy of a screenshot of Defendant's Instagram page as of the filing of the original Complaint on September 4, 2019 is attached hereto as **Exhibit E**.

23. Sushi Nozawa is informed and believes, and based thereon alleges, that Defendant was aware of THE ORIGINAL HAND ROLL BAR and THE ORIGINAL HAND ROLL BAR FOUNDED 2014 LOS ANGELES marks before it began using THE HAND ROLL BAR EXPERIENCE Marks. Defendant has been put on notice of the Registered Marks and Defendant's infringement of intellectual property rights associated with those marks.

24. Defendant filed an intent-to-use application with the USPTO as follows: U.S. Ser. No. 88/288,109, filed on February 4, 2019, for the mark HRB, in international class 43 for restaurant services featuring hand rolls ("Defendant's Trademark Application"). A Notice of Allowance was issued July 23, 2019.

4826-4879-7091.v1

25. Sushi Nozawa was not aware of Defendant's Trademark Application until after the opposition period.

26. In filing Defendant's Trademark Application, Defendant did not fill in the field that explains the meaning or significance of letters in HRB. Sushi Nozawa is informed and believes, and based thereon alleges, that Defendant did not disclose in its application filing that "HRB" is an acronym for "hand roll bar" to avoid having the Registered Marks from being cited against Defendant's Trademark Application.

27. Sushi Nozawa is informed and believes, and based thereon alleges, that Defendant selected THE HAND ROLL BAR EXPERIENCE Marks because of Sushi Nozawa's popularity and its success with a sushi restaurant dedicated to sushi hand rolls. Sushi Nozawa is informed and believes, and based thereon alleges, that Defendant selected THE HAND ROLL BAR EXPERIENCE Marks to trade off of Sushi Nozawa's reputation and the goodwill in and consumer recognition of THE ORIGINAL HAND ROLL BAR because each of the Registered Marks connotes a high standard of quality. In fact, Defendant has purposefully posted comments on Instagram posts associated with KazuNori, referring viewers of the post to Defendant's business. Such actions evidence an effort to enhance consumer confusion. *See e.g.,* Instagram post with Defendant's comments on a photo of KazuNori's food. A true and correct copy of a screenshot of the post as of July 11, 2019 is attached hereto as **Exhibit F**.

28. Sushi Nozawa is not affiliated in any way with Defendant's business.

29. Without authorization from Sushi Nozawa, and despite the fact that Defendant is in no way affiliated with Sushi Nozawa, Defendant has advertised, and continues to advertise, its restaurants using THE HAND ROLL BAR EXPERIENCE Marks. Defendant has indicated to Sushi Nozawa that it will continue such use.

30. Defendant's unauthorized use of THE HAND ROLL BAR EXPERIENCE Marks in the offer and sale of its sushi products, especially sushi hand rolls, and in its marketing and advertising materials creates a likelihood of consumer

confusion because actual and prospective customers are likely to believe that Sushi Nozawa has approved or licensed Defendant's use of its marks, or that Sushi Nozawa is somehow affiliated or connected with Defendant or its services.  In fact, Sushi Nozawa has not sponsored, licensed, or authorized Defendant's goods or services, and Defendant and its services are not affiliated or connected with Sushi Nozawa. Further, Defendant's use of Sushi Nozawa's well-known trademarks implies that the quality of the goods and services offered by Defendant is the same as that of Sushi Nozawa.

## FIRST CLAIM FOR RELIEF
### (Federal Trademark Infringement (15 U.S.C. § 1114))

31.  Sushi Nozawa refers to the allegations contained in paragraphs 1 through 30 above and incorporates them by reference as though fully set forth herein.

32.  Sushi Nozawa has used the Registered Marks in interstate commerce in connection with the advertising and promotion of its restaurant goods and services.

33.  Without authorization, Defendant has used and continues to use the THE HAND ROLL BAR EXPERIENCE Marks in interstate commerce in connection with its restaurant business and sushi products.

34.  Sushi Nozawa is informed and believes, and based thereon alleges, that Defendant's unauthorized use of THE HAND ROLL BAR EXPERIENCE Marks has caused, and will likely continue to cause, confusion, mistake, or deception in the relevant consumer market.

35.  The actions of Defendant as described herein constitute infringement of Sushi Nozawa's Registered Marks in violation of 15 U.S.C. § 1114(1).

36.  Defendant's infringing acts have caused and will continue to cause Sushi Nozawa to suffer substantial and irreparable injuries to its reputation and goodwill. Sushi Nozawa has no adequate remedy at law for these injuries.  Unless Defendant is restrained by this Court from continuing its trademark infringement in violation of 15 U.S.C. § 1114(1), these injuries will continue to accrue.  Pursuant to 15 U.S.C.

§ 1116, Sushi Nozawa is entitled to preliminary and permanent injunctive relief against Defendant's trademark infringement.

37. Sushi Nozawa is entitled, under 15 U.S.C. § 1117, to recover Defendant's profits realized as a result of Defendant's trademark infringement. Defendant's profits are in an amount not yet ascertained but to be proven at trial.

38. Sushi Nozawa is also entitled, under 15 U.S.C. § 1117, to recover its damages incurred as a result of Defendant's trademark infringement. Sushi Nozawa damages are in an amount not yet ascertained but to be proven at trial.

39. Sushi Nozawa is informed and believes, and based thereon alleges, that Defendant has acted in bad faith and/or willfully in using THE HAND ROLL BAR EXPERIENCE Marks in connection with its restaurant services and sushi product. Sushi Nozawa is therefore entitled, pursuant to 15 U.S.C. § 1117, to recover threefold Defendant's profits realized by reason of its trademark infringement. Sushi Nozawa is further entitled under 15 U.S.C. § 1117 to recover the attorneys' fees incurred by it in this action.

## SECOND CLAIM FOR RELIEF
## (Federal Unfair Competition (15 U.S.C. § 1125(a)))

40. Sushi Nozawa refers to the allegations contained in paragraphs 1 through 39 above and incorporates them by reference as though fully set forth herein.

41. Sushi Nozawa is informed and believes, and based thereon alleges, that Defendant's unauthorized use of the THE HAND ROLL BAR EXPERIENCE Marks in connection with its goods and services constitutes a false designation of origin, a false or misleading description of fact, and/or a false or misleading representation of fact, and has caused and is likely to cause confusion, mistake, and/or deception as to:

    a.    the affiliation, connection or association of the Registered Marks with Defendant;

    b.    the origin, sponsorship or approval of Defendant's use of the Registered Marks; and

4826-4879-7091.v1

   c. the nature, characteristics, or qualities of Defendant's goods that bear and services that are rendered in connection with the THE HAND ROLL BAR EXPERIENCE Marks.

42. The aforesaid acts constitute unfair competition in violation of 15 U.S.C. § 1125(a).

43. Defendant's infringing acts have caused and will continue to cause Sushi Nozawa to suffer substantial and irreparable injuries to its reputation and goodwill in violation of 15 U.S.C. § 1125(a) and is continuing to cause substantial and irreparable injury. Sushi Nozawa has no adequate remedy at law for these injuries. Unless Defendant is restrained by this Court from continuing its unfair competition and false designation of origin in violation of 15 U.S.C. § 1125(a), these injuries will continue to accrue. Pursuant to 15 U.S.C. § 1116, Sushi Nozawa is entitled to preliminary and permanent injunctive relief against Defendant's unfair competition and false designation of origin.

44. Sushi Nozawa has suffered, and will continue to suffer, damages as a result of Sushi Nozawa's unauthorized use of the THE HAND ROLL BAR EXPERIENCE Marks.

45. Sushi Nozawa is entitled, under 15 U.S.C. § 1117, to recover Defendant's profits realized as a result of Defendant's unfair competition and false designation of origin. Defendant's profits are in an amount not yet ascertained but to be proven at trial.

46. Sushi Nozawa is also entitled, under 15 U.S.C. § 1117, to recover its damages incurred as a result of Defendant's unfair competition and false designation of origin. Sushi Nozawa's damages are in an amount not yet ascertained but to be proven at trial.

47. Sushi Nozawa is informed and believes, and based thereon alleges, that Defendant has acted in bad faith and/or willfully in using the THE HAND ROLL BAR EXPERIENCE Marks in connection with its restaurant services and sushi

products, particularly sushi hand rolls.  Sushi Nozawa is therefore entitled, pursuant to 15 U.S.C. § 1117, to recover threefold Defendant's profits realized by reason of its unfair competition and false designation of origin.  Sushi Nozawa is further entitled under 15 U.S.C. § 1117 to recover the attorneys' fees incurred by it in this action.

## THIRD CLAIM FOR RELIEF
### (Unfair Competition Under the California Common Law)

48.   Sushi Nozawa refers to the allegations contained in paragraphs 1 through 47 above and incorporates them by reference as though fully set forth herein.

49.   The acts of Defendant, complained of above, constitute unfair competition in violation of the common law of the State of California.

50.   Defendant's unfair competition has caused substantial and irreparable injury to Sushi Nozawa and is continuing to cause substantial and irreprable injury.  Sushi Nozawa has no adequate remedy at law for these injuries.  Unless Defendant is restrained by this Court from continuing its unfair competition, these injuries will continue to accrue.  Sushi Nozawa is entitled to preliminary and permanent injunctive relief against Defendant's unfair competition.

51.   Sushi Nozawa has suffered, and will continue to suffer, damages as a result of Defendant's unfair competition.

52.   Sushi Nozawa is entitled to recover Defendant's profits realized as a result of Defendant's unfair competition.  Defendant's profits are in an amount not yet ascertained but to be proven at trial.

53.   Sushi Nozawa is also entitled to recover its damages incurred as a result of Defendant's unfair competition.  Sushi Nozawa's damages are in an amount not yet ascertained but to be proven at trial.

54.   Upon information and belief, Defendant's acts have been committed and are being committed with the deliberate purpose and intent of appropriating and trading on Sushi Nozawa's goodwill and reputation in conscious disregard for the rights of Sushi Nozawa.  Such conduct under Cal. Civ. Code § 3294, entitles Sushi

Nozawa to exemplary damages in an amount appropriate to punish and set an example of Defendant.

## FOURTH CLAIM FOR RELIEF
## (California Statutory Unfair Competition
## (Cal. Bus. & Prof. Code §§ 17200 *et seq.*))

55.  Sushi Nozawa refers to the allegations contained in Paragraphs 1 through 54 above and incorporates them by reference as though fully set forth herein.

56.  Defendant, by doing the acts alleged herein, has acted in violation of 15 U.S.C. §§ 1114 and 1125, and Cal. Bus. & Prof. Code § 14247, and has thereby engaged in unfair and unlawful business practices constituting statutory unfair competition in violation of Cal. Bus. & Prof. Code §§ 17200 *et seq.*

57.  Defendant's unfair and unlawful business practices in violation of Cal. Bus. & Prof. Code §§ 17200 *et seq.* have caused substantial and irreparable injury to Sushi Nozawa and are continuing to cause substantial and irreparable injury. Sushi Nozawa has no adequate remedy at law for these injuries. Unless Defendant is restrained by this Court from continuing its unfair and unlawful business practices in violation of Cal. Bus. & Prof. Code §§ 17200 *et seq.*, these injuries will continue to accrue. Pursuant to Cal. Bus. & Prof. Code § 17204, Sushi Nozawa is entitled to preliminary and permanent injunctive relief against Defendant's unfair and unlawful business practices constituting statutory unfair competition in violation of Cal. Bus. & Prof. Code §§ 17200 *et seq.*

## PRAYER

WHEREFORE, Sushi Nozawa, prays for judgment as follows:

a.  That Defendant, its agents, servants, employees, successors, assigns and attorneys and any related companies, and all persons in active concert or participation with one or more of them, be permanently enjoined and restrained from using the name or designation THE HAND ROLL BAR EXPERIENCE, or THE

        HRB EXPERIENCE, or any other mark that contains the term "HAND ROLL BAR" or is confusingly similar to the Registered Marks;

b.    That Defendant, its agents, servants, employees, successors, assigns and attorneys and any related companies, and all persons in active concert or participation with one or more of them, be permanently enjoined and restrained from using the term "HAND ROLL BAR" in any advertising or marketing in connection with restaurant services;

c.    For an order requiring Defendant to file with this Court and to serve upon Sushi Nozawa within thirty (30) days after service of an injunction, a report in writing under oath setting forth in detail the manner and form in which Defendant has complied with the injunction;

d.    For an order requiring Defendant to engage in corrective advertising to correct any misperceptions resulting from its use of the designations THE HAND ROLL BAR EXPERIENCE, or THE HRB EXPERIENCE;

e.    For an award of compensatory damages in an amount to be determined at trial;

f.    For an award of prejudgment interest as authorized by law;

g.    For an order requiring Defendant to account for and pay over to Sushi Nozawa the profits realized by Defendant by reason of its use of the designations THE HAND ROLL BAR EXPERIENCE, or THE HRB EXPERIENCE, and/or a reasonable royalty, as well as the actual damages suffered by Sushi Nozawa as a result of such use, with any such amount trebled pursuant to 15 U.S.C. § 1117;

h.    For a finding that this is an exceptional case under the Lanham Act;

i.    For exemplary damages as authorized by law;

j.    For an award of reasonable attorney fees, investigatory fees and expenses; and

k.    For any such other relief that the circumstances may require and that the Court deems just and proper.

Dated:  September 4, 2019

ROBERT L. WALLAN
CAROLYN S. TOTO
MICHAEL R. KREINER
PILLSBURY WINTHROP SHAW PITTMAN LLP

By    /s/ Robert L. Wallan
       Robert L. Wallan
Attorneys for Plaintiff Sushi Nozawa, LLC

4826-4879-7091.v1

# DEMAND FOR JURY TRIAL

Plaintiff Sushi Nozawa, LLC hereby demands a jury trial, as provided by Rule 38 of the Federal Rules of Civil Procedure, on all claims that are triable to a jury.

Dated: September 4, 2019

                                     ROBERT L. WALLAN
                                     CAROLYN S. TOTO
                                     MICHAEL R. KREINER
                                     PILLSBURY WINTHROP SHAW PITTMAN LLP

                                     By       /s/ Robert L. Wallan
                                               Robert L. Wallan
                                     Attorneys for Plaintiff Sushi Nozawa, LLC

4826-4879-7091.v1