# United States District Court
# Central District of California

| | |
|---|---|
| SUSHI NOZAWA, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>The HRB Experience, LLC,<br><br>    Defendant. | Case No. 2:19-cv-07653-ODW (SSx)<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS [16]** |

## I.    INTRODUCTION

Defendant The HRB Experience, LLC ("HRB") moves to dismiss the complaint of Plaintiff Sushi Nozawa, LLC ("Sushi Nozawa") alleging trademark infringement and unfair competition. (Mot. to Dismiss ("Mot."), ECF No. 16.)  For the reasons that follow, the Court **DENIES** Defendant's Motion to Dismiss ("Motion").[1]

## II.    FACTUAL BACKGROUND

Sushi Nozawa brings this suit against HRB for trademark infringement and unfair competition. Sushi Nozawa, founded by its namesake chef Kazunori Nozawa, is a limited liability company and is more commonly known by the restaurants it

---

[1] After carefully considering the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

operates, KazuNori, Sugarfish, and Nozawa Bar. (Compl. ¶¶ 6–8, ECF No. 1.) At KazuNori, Sushi Nozawa creates a memorable experience centered around Chef Nozawa's specially crafted sushi hand rolls. (Compl. ¶ 7.) Since its unique creation, several others copied KazuNori's sushi hand rolls to varying degrees and opened up sushi restaurants specializing in hand rolls. (Compl. ¶ 7.)

Sushi Nozawa owns a family of marks, including the following in the supplemental register: (1) "THE ORIGINAL HAND ROLL BAR" (text only), and (2) "THE ORIGINAL HAND ROLL BAR FOUNDED 2014 LOS ANGELES" (text in stylized font in a box) (collectively, "Registered Marks"). (Compl ¶¶ 10–11; Compl. Ex. A, ECF No. 1-1; Compl. Ex. B, ECF No. 1-2.) Sushi Nozawa seeks to register the same marks in the principal register. (Compl. ¶ 14.) Sushi Nozawa intends to maintain exclusive ownership of the Registered Marks and use them in connection with its products and services. (Compl. ¶ 18.)

Nevertheless, HRB has advertised a similar "hand roll bar" experience and plans to operate two Los Angeles restaurants which specialize in sushi hand rolls. (Compl. ¶¶ 20–22.) Sushi Nozawa avers that HRB was on notice of its Registered Marks before HRB created its advertisement. (Compl. ¶ 23.) Furthermore, HRB filed an intent-to-use application with the United States Patent and Trademark Office ("USPTO") for the mark "HRB." However, HRB failed to disclose that "HRB" is an acronym for "hand roll bar" allegedly to avoid having the Registered Marks cited against its application. (Compl. ¶¶ 24–26.) Moreover, Sushi Nozawa alleges that HRB used its Registered Marks without permission and for the sole purpose of benefitting from its restaurants' popularity and goodwill. (Compl. ¶ 27.)

On September 4, 2019, Sushi Nozawa filed suit against HRB alleging (1) Federal Trademark Infringement, 15 U.S.C. § 1114; (2) Federal Unfair Competition, 15 U.S.C. § 1125(a); (3) Common Law Unfair Competition; and (4) California Unfair Competition, California Business and Professions Code section 17200. (*See* Compl.)

### III. REQUEST FOR JUDICIAL NOTICE

Both parties request the Court to judicially notice filings with the United States Patent and Trademark Office ("USPTO"). (Def.'s Req. for Judicial Notice, ECF No. 16-3; Def.'s Supp. Req. for Judicial Notice, ECF No. 19; Pl.'s Req. for Judicial Notice, ECF No. 21; Pl.'s Supp. Req. for Judicial Notice, ECF No. 23; Def.'s Notice of USPTO Action, ECF No. 26.) HRB additionally requests the Court to take judicial notice of websites. (Def.'s Req. for Judicial Notice.)

"[A] court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). While "undisputed matters of public record" are judicially noticeable, a court may not take notice of disputed facts in public records. *Lee v. City of L.A.*, 250 F.3d 668, 689 (9th Cir. 2001). Accordingly, "USPTO records may be subject to judicial notice, [but] they are noticeable only for the limited purpose of demonstrating that the filings and actions described therein occurred on certain dates." *Pinterest Inc. v. Pintrips Inc.*, 15 F. Supp. 3d 992, 997 (N.D. Cal. 2014). Furthermore, as websites contain disputed matter and do not satisfy the Rule 201(b) requirements, the Court may not take judicial notice of the contents on websites. *Lee*, 250 F.3d at 689; *Pinterest*, 15 F. Supp. 3d at 997.

Accordingly, the Court **GRANTS** the requests for judicial notice for the limited purpose discussed above.

### IV. LEGAL STANDARD

A court may dismiss a complaint under Rule 12(b)(6) for lack of a cognizable legal theory or insufficient facts pleaded to support an otherwise cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). "To survive a motion to dismiss . . . under Rule 12(b)(6), a complaint generally must satisfy only the minimal notice pleading requirements of Rule 8(a)(2)"—a short and plain statement of the claim. *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003); *see*

*also* Fed. R. Civ. P. 8(a)(2). The "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (citing *Twombly*, 550 U.S. at 555).

Whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. A court is generally limited to the pleadings and must construe all "factual allegations set forth in the complaint . . . as true and . . . in the light most favorable" to the plaintiff. *Lee*, 250 F.3d at 679. But a court need not blindly accept conclusory allegations, unwarranted deductions of fact, and unreasonable inferences. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). Where a district court grants a motion to dismiss, it should generally provide leave to amend unless it is clear the complaint could not be saved by any amendment. *See* Fed. R. Civ. P. 15(a); *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

## V. DISCUSSION

HRB moves to dismiss Sushi Nozawa's trademark infringement and unfair competition claims, asserting that HRB's alleged use of any protected mark creates no likelihood of confusion, or alternatively, qualifies as fair use. (*See* Mot.)

### A. Likelihood of Confusion

In a trademark infringement cases, a plaintiff must establish: (1) an ownership of a trademark right; (2) that was used by the defendant; "(3) in a way that is likely to cause consumer confusion and thus infringe upon the trademark right." *Adobe Sys., Inc. v. Blue Source Grp., Inc.*, 125 F. Supp. 3d 945, 966 (N.D. Cal. 2015) (citing *Levi*

*Strauss & Co. v. Blue Bell, Inc.*, 778 F.2d 1352, 1354 (9th Cir. 1985)). HRB moves to dismiss on the basis that its use does not create a likelihood of confusion. (Mot. 1–35.)

The likelihood of confusion is the central element of a trademark infringement claim. *Abercrombie & Fitch Co. v. Moose Creek, Inc.*, 486 F.3d 629, 633 (9th Cir. 2007). To determine a likelihood of confusion between related goods, courts use the *Sleekcraft* factors: (1) strength of the mark; (2) proximity of the goods; (3) similarity of the marks; (4) evidence of actual confusion; (5) marketing channels used; (6) type of goods and the degree of care likely to be exercised by the purchaser; (7) defendant's intent in selecting the mark; and (8) likelihood of expansion of the product line. *Id.* (discussing *AMF Inc. v. Sleekcraft Boats*, 599 F.2d 341, 348–49 (9th Cir. 2003)).

Though "[c]ourts may determine likelihood of confusion as a matter of law on either a motion to dismiss or summary judgment[,] a plaintiff is not required to prove the likelihood of confusion at the pleading stage." *Vapor Spot, LLC v. Breathe Vape Spot, Inc.*, No. CV 15-02110 MMM (EX), 2015 WL 12839123, at *5 (C.D. Cal. Sept. 15, 2015) (internal quotation marks and citations omitted). To make the determination, a court need not address all eight factors as "it is often possible to reach a conclusion . . . after considering only a subset of the factors." *Brookfield Commc'ns, Inc. v. West Coast Entm't Corp.*, 174 F.3d 1036, 1054 (9th Cir. 1999).

At the pleading stage, a plaintiff fails to sufficiently allege the likelihood of confusion when the marks are patently dissimilar or the channels in which the marks are used are completely unrelated. *See RVCA Platform, LLC v. Nudie Jeans Co AB*, No. 208CV00682FMCPJWX, 2008 WL 11337820, at *3 (C.D. Cal. Aug. 29, 2008) ("[D]ismissal at the pleadings stage tends to be appropriate when it is clear both that the goods or services in question are not related and that confusion is not likely"); *Murray v. Cable Nat'l Broadcasting Co.*, 86 F.3d 858, 860–61 (9th Cir. 1996) (affirming district court's dismissal where a consumer survey group used "America

Speaks" to sell its survey results to business clients and a television network used the allegedly infringing "America's Talking" to distribute poll results to the news media).

Here, Sushi Nozawa, a Los Angeles area sushi restaurateur, alleges that it registered the trademark "THE ORIGINAL HAND ROLL BAR" and HRB, a competing Los Angeles area sushi restaurateur, uses the mark "HAND ROLL BAR EXPERIENCE." (Compl. ¶¶ 1, 4, 5, 10.) Accordingly, Sushi Nozawa alleges that because HRB uses similar marks in the same channels as it does, HRB's mark likely causes customer confusion.

On a motion to dismiss, HRB addresses the *Sleekcraft* factors in hopes that the Court will resolve the likelihood of confusion question.[2] (*See* Mot.) For instance, HRB asserts that the marks are completely dissimilar to Sushi Nozawa's because Sushi Nozawa's mark is always in a stylized box while HRB's mark has an image of a fish. (Mot. 22.) The Ninth Circuit holds that similarity of marks is assessed "in terms of their sight, sound, and meaning." *M2 Software, Inc. v. Madacy Entm't*, 421 F.3d 1073, 1082 (9th Cir. 2005). The trademark is not judged by an examination of its parts, but rather "by viewing the trademark as a whole, as it appears in the marketplace." *Id.* Although there are certain differentiating characteristics between the two marks here, the use of "hand roll bar" by both may cause confusion amongst customers who enjoy hand roll sushi. Therefore, HRB's argument is unpersuasive because it fails to consider how the trademark as a whole appears in the marketplace.

As the allegedly infringing use occurs in the same channels of trade and geographic location and appears to be relatively similar, Sushi Nozawa has adequately pled that the use is likely to cause customer confusion. *See Kythera Biopharmaceuticals, Inc. v. Lithera, Inc.*, 998 F. Supp. 2d 890, 901 (C.D. Cal. 2014);

---

[2] In its analysis of the factors, HRB weaves in the argument that Sushi Nozawa's mark is generic. (*See* Mot.) However, the issue of whether a mark is generic is a question of fact inappropriate to resolve in the context of a motion to dismiss. *See Solid 21, Inc. v. Breitling USA, Inc.*, 512 Fed. Appx. 685, 686–87 (9th Cir. Mar. 19, 2013) ("Breitling's contention that the mark is, in fact, generic is an attempt to introduce evidence to rebut the complaint, which is impermissible at the motion to dismiss stage"). Accordingly, the Court does not address this argument.

*Solofill, LLC v. Rivera*, No. CV 17:02956-SJO-(AJWx), 2017 WL 5953105, at *2 (C.D. Cal. Oct. 16, 2017) (finding that allegations of similarity of the mark, similarity of channels of trade, and proximity of use sufficient to pass the 12(b)(6) muster). Accordingly, the Court **DENIES** HRB's Motion on this basis.

**B.     Fair Use**

HRB further argues that even if Sushi Nozawa's mark is descriptive, HRB's use of "hand roll bar" constitutes fair use. (Mot. 35–37.) Sushi Nozawa opposes HRB arguing that a motion to dismiss is not the proper mechanism to determine HRB's fair use. (Opp'n to Mot. 22, ECF No. 20.)

Indeed, "[f]air use is a mixed question of law and fact." *Harper & Row Publishers, Inc. v. Nation Enterprises*, 471 U.S. 539, 560 (1985). Although typically, courts reserve the issue of fair use for summary judgment, they may resolve it on a motion to dismiss if the "allegations, when taken as true, do not support a finding of fair use." *Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 530 (9th Cir. 2008).

There are two types of fair use: "'classic fair use,' in which 'the defendant has used the plaintiff's mark to describe the defendant's own product,' and 'nominative fair use,' in which the defendant has used the plaintiff's mark 'to describe the plaintiff's product.'" *Cairns v. Franklin Mint Co.*, 292 F.3d 1139, 1150 (9th Cir. 2002). Here, HRB argues that it used elements of Sushi Nozawa's mark to describe its restaurant style. (Reply in Supp. of Mot. 16–17, ECF No.24.) Accordingly, the Court analyzes HRB's fair use argument under the classic fair use structure.

To establish a classic fair use defense, HRB must prove the following elements: "1. Defendant's use of the term is not as a trademark or service mark; 2. Defendant uses the term 'fairly and in good faith'; and 3. [Defendant uses the term] '[o]nly to describe' its goods or services." *Cairns*, 292 F.3d at 1151; 15 U.S.C. § 1115(b). "In [the Ninth] Circuit, the classic fair use defense is not available if there is a likelihood of customer confusion as to the origin of the product." *Cairns*, 292 F.3d at 1151 (citing *Transgo, Inc. v. Ajac Transmission Parts Corp.*, 911 F.2d 363, 365 n.2 (9th

Cir. 1990) (classic fair use defense available only so long as such use does not lead to customer confusion as to the source of the goods or services). As the Court found that Sushi Nozawa adequately pled likelihood of confusion, the Court determines that the classic fair use defense is not available to HRB at this stage in the litigation. *See Gorski v. The Gymboree Corp.*, No. 14-CV-01314-LHK, 2014 WL 3533324, at *7 (N.D. Cal. July 16, 2014) (finding that the "Complaint does not compel a finding that either [fair use] defense[] applies as a matter of law" as the defendant's use created customer confusion). Accordingly, the Court **DENIES** the motion on this basis.

Finally, as the Court found that Sushi Nozawa adequately pleads its trademark infringement claim, it also sufficiently states a claim for unfair competition because Sushi Nozawa's unfair competition claims are premised on the trademark violation. *See Mintz v. Subaru of Am., Inc.*, 716 F. App'x 618, 622 (9th Cir. 2017) (finding the unfair competition claims premised on the copyright infringement and dismissing them because plaintiff insufficiently plead the copyright infringement claim).

## VI. CONCLUSION

As the Sushi Nozawa adequately pleads its trademark infringement claim and HRB's fair use defense is not available at this stage in the litigation, the Court **DENIES** HRB's motion to dismiss in its entirety.

**IT IS SO ORDERED.**

March 31, 2020

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**