KARIN G. PAGNANELLI (SBN 174763)
  kgp@msk.com
BRADLEY J. MULLINS (SBN 274219)
  bym@msk.com
GABRIELLA A. NOURAFCHAN (SBN 301594)
  gan@msk.com
MITCHELL SILBERBERG & KNUPP LLP
2049 Century Park East, 18th Floor
Los Angeles, CA  90067-3120
Telephone: (310) 312-2000
Facsimile: (310) 312-3100

Attorneys for Defendant
The HRB Experience, LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| SUSHI NOZAWA, LLC, a Delaware limited liability company,<br><br>              Plaintiff,<br><br>       v.<br><br>The HRB Experience, LLC, a California liability company,<br><br>              Defendant. | CASE NO. 2:19-cv-07653 ODW (SSx)<br><br>Honorable Otis D. Wright, II<br><br>**DEFENDANT THE HRB EXPERIENCE, LLC'S ANSWER TO PLAINTIFF SUSHI NOZAWA, LLC'S COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL**<br><br>Filed:          September 4, 2019<br>Trial:           n/a |

Defendant The HRB Experience, LLC ("Defendant"), by and through the undersigned counsel, respectfully submits this Answer to the Complaint of Plaintiff Sushi Nozawa, LLC ("Plaintiff").

## **JURISDICTION AND VENUE**[1]

1.      Paragraph 1 consists of legal conclusions as to which no response is required.  To the extent a response is required, Defendant admits and alleges that Plaintiff purports to assert claims for trademark infringement and unfair competition.  Defendant expressly denies (i) that any trademark infringement or unfair competition occurred, and (ii) that Plaintiff has any protectable trademark rights in the phrase "hand roll bar."  Except as expressly admitted, alleged or denied, Defendant denies each and every allegation contained in Paragraph 1.

2.      Paragraph 2 consists of legal conclusions as to which no response is required.  To the extent a response is required, Defendant admits and alleges that Plaintiff purports to assert claims for trademark infringement and unfair competition.  Defendant further admits and alleges that Plaintiff asserts subject matter jurisdiction in this action under 28 U.S.C. §§ 1331, 1338(a) and that Plaintiff asserts that this Court has supplemental jurisdiction over Plaintiff's asserted state law claims under 28 U.S.C. §§ 1338(b) and 1367(a).  Defendant does not contest that this Court has subject matter jurisdiction over Plaintiff's claims for Federal Trademark Infringement (15 U.S.C. § 1114) and Federal Unfair Competition (15 U.S.C. § 1125(a)), and does not contest that this Court may exercise supplemental jurisdiction over Plaintiff's asserted state law claims.  Defendant expressly denies that any trademark infringement or unfair competition occurred.  Except as expressly admitted, alleged or denied, Defendant denies each and every allegation contained in Paragraph 2.

---

[1] For the Court's convenience, all headings are as stated in the Complaint.  To the extent that these headings constitute allegations that require a response, Defendant expressly denies any allegations set forth in such headings.

3.     Paragraph 3 consists of legal conclusions as to which no response is required.  To the extent a response is required, Defendant admits and alleges that Plaintiff purports to base venue on 28 U.S.C. § 1391(b).  Defendant does not contest that this Court has personal jurisdiction over it for purposes of this action. Defendant further does not contest that venue for this action is appropriate in this Judicial District.  Defendant expressly denies that any infringement or unfair competition occurred.  Except as expressly admitted, alleged or denied, Defendant denies each and every allegation contained in Paragraph 3.

## THE PARTIES

4.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4, and on that basis denies each and every allegation contained therein.

5.     Defendant admits that it is a California limited liability company. Defendant further admits and alleges that it maintains a place of business at 8271 Melrose Avenue #100, Los Angeles, CA 90046.  Defendant further admits and alleges that it operates a sushi restaurant in Los Angeles.  Except as expressly admitted and alleged, Defendant denies each and every allegation contained in Paragraph 5.

## SUSHI NOZAWA'S BUSINESS AND MARKS

6.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6, and on that basis denies each and every allegation contained therein.

7.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7, and on that basis denies each and every allegation contained therein.

8.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8, and on that basis denies each and every allegation contained therein.

9.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9, and on that basis denies each and every allegation contained therein.  Defendant also expressly denies that Plaintiff has any protectable trademark rights in the phrase "hand roll bar."

10.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10, and on that basis denies each and every allegation contained therein.  Defendant also expressly denies that Plaintiff has any protectable trademark rights in the phrase "hand roll bar."

11.    Defendant admits and alleges that Plaintiff has attached as Exhibit A and Exhibit B what purport to be trademark registration certificates.  To the extent that these Exhibits are incorporated by reference into the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the information contained therein, and on that basis denies such allegations. Defendant expressly denies that Plaintiff has any protectable trademark rights in the phrase "hand roll bar."  Except as expressly admitted, alleged or denied, Defendant lacks knowledge sufficient to form a belief as to the truth of the remaining allegations of Paragraph 11, and on that basis denies each and every allegation contained therein.

12.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12, and on that basis denies each and every allegation contained therein.  Defendant also expressly denies that Plaintiff has any protectable trademark rights in the phrase "hand roll bar."

13.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13, and on that basis denies each and

1   every allegation contained therein.  Defendant also expressly denies that Plaintiff
2   has any protectable trademark rights in the phrase "hand roll bar."

3       14.    Defendant lacks knowledge or information sufficient to form a belief
4   as to the truth of the allegations in Paragraph 14, and on that basis denies each and
5   every allegation contained therein.  Defendant also expressly denies that Plaintiff
6   has any protectable trademark rights in the phrase "hand roll bar."

7       15.    Defendant lacks knowledge or information sufficient to form a belief
8   as to the truth of the allegations in Paragraph 15, and on that basis denies each and
9   every allegation contained therein.  Defendant also expressly denies that Plaintiff
10  has any protectable trademark rights in the phrase "hand roll bar."

11      16.    Defendant lacks knowledge or information sufficient to form a belief
12  as to the truth of the allegations in Paragraph 16, and on that basis denies each and
13  every allegation contained therein.  Defendant also expressly denies that Plaintiff
14  has any protectable trademark rights in the phrase "hand roll bar."

15      17.    Defendant lacks knowledge or information sufficient to form a belief
16  as to the truth of the allegations in Paragraph 17, and on that basis denies each and
17  every allegation contained therein.  Defendant also expressly denies that Plaintiff
18  has any protectable trademark rights in the phrase "hand roll bar."

19      18.    Defendant lacks knowledge or information sufficient to form a belief
20  as to the truth of the allegations in Paragraph 18, and on that basis denies each and
21  every allegation contained therein.  Defendant also expressly denies that Plaintiff
22  has any protectable trademark rights in the phrase "hand roll bar."

23      19.    Defendant lacks knowledge or information sufficient to form a belief
24  as to the truth of the allegations in Paragraph 19, and on that basis denies each and
25  every allegation contained therein.  Defendant also expressly denies that Plaintiff
26  has any protectable trademark rights in the phrase "hand roll bar."

27

28

Mitchell
Silberberg &
Knupp LLP

12032430.3

**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT**

## DEFENDANT'S INFRINGING ACTS

20.    Defendant admits and alleges that it operates a sushi restaurant in Los Angeles.  Except as expressly admitted and alleged, Defendant denies each and every allegation contained in Paragraph 20.

21.    Defendant admits and alleges that it operates a sushi restaurant in Los Angeles.  Defendant admits and alleges that Plaintiff has attached as Exhibit C what purports to be a screenshot of the homepage of Defendant's website as of September 4, 2019.  To the extent that Exhibit C is incorporated by reference into the Complaint, Defendant admits and alleges that it advertises on a website located at https://www.thehrbexperience.com/, but otherwise lacks knowledge or information sufficient to form a belief as to the truth of the information contained therein, and on that basis denies such allegations.  Defendant further admits and alleges that Plaintiff has attached as Exhibit D what purports to be a photo of Defendant's storefront.  To the extent that Exhibit D is incorporated by reference into the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the information contained therein, and on that basis denies such allegations.  Except as expressly admitted, alleged or denied, Defendant denies each and every allegation contained in Paragraph 21.

22.    Defendant admits and alleges that it advertises on the Internet and social media, including on Instagram.  Defendant further admits and alleges that Plaintiff has attached as Exhibit E what purports to be a photo of Defendant's Instagram page as of September 4, 2019.  To the extent that Exhibit E is incorporated by reference into the Complaint, Defendant admits and alleges that it operates an Instagram account located at https://www.instagram.com/thehrbexperience/, but otherwise lacks knowledge or information sufficient to form a belief as to the truth of the information contained therein, and on that basis denies such allegations.  Except as expressly admitted,

**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT**

Mitchell Silberberg & Knupp LLP

12032430.3

1  alleged or denied, Defendant denies each and every allegation contained in

2  Paragraph 22.

3      23.    Paragraph 23 consists of legal conclusions as to which no response is

4  required.  To the extent a response is required, Defendant admits and alleges that,

5  on or about July 17, 2019, Defendant received a letter from representatives of

6  Plaintiff, the contents of which are as set forth therein.  Defendant further admits

7  and alleges that, on or about August 23, 2019, representatives of Defendant sent

8  Plaintiff a multiple page letter responding to the July 17 letter, to which Defendant

9  received no further response.  Defendant expressly denies (i) that any trademark

10  infringement occurred, and (ii) that Plaintiff has any protectable trademark rights

11  in the phrase "hand roll bar."  Except as expressly admitted, alleged or denied,

12  Defendant denies each and every allegation contained in Paragraph 23.

13      24.    Paragraph 24 consists of legal conclusions as to which no response is

14  required.  To the extent a response is required, Defendant admits and alleges that,

15  on or about February 4, 2019, it filed an application with the United States Patent

16  and Trademark Office ("USPTO") to register the mark "HRB" in International

17  Class 43 based on a intent to use the mark in commerce (U.S. Ser. No. 88/288,

18  109), and further admits and alleges that, on or about July 23, 2019, the USPTO

19  issued a Notice of Allowance for the mark "HRB."  Except as expressly admitted

20  and alleged, Defendant denies each and every allegation contained in Paragraph

21  24.

22      25.    Defendant lacks knowledge or information sufficient to form a belief

23  as to the truth of the allegations in Paragraph 25, and on that basis denies each and

24  every allegation contained therein.

25      26.    Defendant denies the allegations contained in Paragraph 26.

26  Defendant also expressly denies that Plaintiff has any protectable trademark rights

27  in the phrase "hand roll bar."

28

Mitchell
Silberberg &
Knupp LLP

12032430.3

**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT**

27.     Defendant admits and alleges that Plaintiff has attached as Exhibit F what purports to be a photo of an Instagram post obtained on July 11, 2019.  To the extent that Exhibit F is incorporated by reference into the Complaint, Defendant admits and alleges that it operates an Instagram account located at https://www.instagram.com/thehrbexperience/, but otherwise lacks knowledge or information sufficient to form a belief as to the truth of the information contained therein, and on that basis denies such allegations.  Defendant expressly denies that Plaintiff has any protectable trademark rights in the phrase "hand roll bar."  Except as expressly admitted, alleged or denied, Defendant denies each and every allegation contained in Paragraph 27.

28.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28, and on that basis denies each and every allegation contained therein.

29.     Paragraph 29 consists of legal conclusions as to which no response is required.  To the extent a response is required, Defendant expressly denies that it was required to obtain any authorization from Plaintiff, and otherwise denies the allegations of Paragraph 29.

30.     Paragraph 30 consists of legal conclusions as to which no response is required.  To the extent a response is required, Defendant expressly denies (i) that it was required to obtain any authorization from Plaintiff; (ii) that any trademark infringement or unfair competition occurred; and (iii) that Plaintiff has any protectable trademark rights in the phrase "hand roll bar."  Except as expressly admitted, alleged or denied, Defendant denies each and every allegation contained in Paragraph 30.

# FIRST CLAIM FOR RELIEF

## (Federal Trademark Infringement (15 U.S.C. § 1114))

31.    Defendant realleges and incorporates herein by reference its responses to Paragraphs 1 through 30 as though set forth in full.

32.    Paragraph 32 consists of legal conclusions as to which no response is required.  To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32, and on that basis denies each and every allegation contained therein. Defendant expressly denies that Plaintiff has any protectable trademark rights in the phrase "hand roll bar."

33.    Paragraph 33 consists of legal conclusions as to which no response is required.  To the extent a response is required, Defendant expressly denies that it was required to obtain any authorization from Plaintiff, and otherwise denies the remaining allegations of Paragraph 33.

34.    Paragraph 34 consists of legal conclusions as to which no response is required.  To the extent a response is required, Defendant expressly denies that it was required to obtain any authorization from Plaintiff, and otherwise denies the remaining allegation of Paragraph 34.

35.    Paragraph 35 consists of legal conclusions as to which no response is required.  To the extent a response is required, Defendant expressly denies (i) that any trademark infringement occurred, and (ii) that Plaintiff has any protectable trademark rights in the phrase "hand roll bar."  Except as expressly admitted, alleged or denied, Defendant denies each and every allegation contained in Paragraph 35.

36.    Paragraph 36 consists of legal conclusions as to which no response is required.  To the extent a response is required, Defendant expressly denies (i) that any trademark infringement occurred; (ii) that Defendant has committed any wrongful act or act that has caused, is causing or will cause any injury or damage

to Plaintiff whatsoever; and (iii) that Plaintiff is entitled to any relief of whatever nature.  Except as expressly admitted, alleged or denied, Defendant denies each and every allegation contained in Paragraph 36.

37.     Paragraph 37 consists of legal conclusions as to which no response is required.  To the extent a response is required, Defendant expressly denies (i) that any trademark infringement occurred; (ii) that Defendant has committed any wrongful act or act that has caused, is causing or will cause any injury or damage to Plaintiff whatsoever; (iii) that Plaintiff is entitled to Defendant's profits; and (iv) that Plaintiff is entitled to any relief of whatever nature.  Except as expressly admitted, alleged or denied, Defendant denies each and every allegation contained in Paragraph 37.

38.     Paragraph 38 consists of legal conclusions as to which no response is required.  To the extent a response is required, Defendant expressly denies (i) that any trademark infringement occurred; (ii) that Defendant has committed any wrongful act or act that has caused, is causing or will cause any injury or damage to Plaintiff whatsoever; and (iii) that Plaintiff is entitled to any relief of whatever nature.  Except as expressly admitted, alleged or denied, Defendant denies each and every allegation contained in Paragraph 38.

39.     Paragraph 39 consists of legal conclusions as to which no response is required.  To the extent a response is required, Defendant expressly denies (i) that any trademark infringement occurred; (ii) that Defendant has committed any wrongful act or act that has caused, is causing or will cause any injury or damage to Plaintiff whatsoever; (iii) that Plaintiff is entitled to Defendant's profits or to attorneys' fees; and (iv) that Plaintiff is entitled to any relief of whatever nature. Except as expressly admitted, alleged or denied, Defendant denies each and every allegation contained in Paragraph 39.

## SECOND CLAIM FOR RELIEF

### (Federal Unfair Competition (15 U.S.C. § 1125(a))

40.     Defendant realleges and incorporates herein by reference its responses to Paragraphs 1 through 39 as though set forth in full.

41.     Paragraph 41 consists of legal conclusions as to which no response is required.  To the extent a response is required, Defendant expressly denies (i) that any trademark infringement or unfair competition occurred, and (ii) that Plaintiff has any protectable trademark rights in the phrase "hand roll bar."  Except as expressly admitted, alleged or denied, Defendant denies each and every allegation contained in Paragraph 41.

42.     Paragraph 42 consists of legal conclusions as to which no response is required.  To the extent a response is required, Defendant expressly denies that any trademark infringement or unfair competition occurred, and otherwise denies the remaining allegations of Paragraph 42.

43.     Paragraph 43 consists of legal conclusions as to which no response is required.  To the extent a response is required, Defendant expressly denies (i) that any trademark infringement or unfair competition occurred; (ii) that Defendant has committed any wrongful act or act that has caused, is causing or will cause any injury or damage to Plaintiff whatsoever; and (iii) that Plaintiff is entitled to any relief of whatever nature.  Except as expressly admitted, alleged or denied, Defendant denies each and every allegation contained in Paragraph 43.

44.     Paragraph 44 consists of legal conclusions as to which no response is required.  To the extent a response is required, Defendant expressly denies (i) that any trademark infringement or unfair competition occurred; (ii) that Defendant was required to obtain any authorization from Plaintiff; (iii) that Defendant has committed any wrongful act or act that has caused, is causing or will cause any injury or damage to Plaintiff whatsoever; and (iv) that Plaintiff is entitled to any

1    relief of whatever nature.  Except as expressly admitted, alleged or denied,

2    Defendant denies each and every allegation contained in Paragraph 44.

3        45.    Paragraph 45 consists of legal conclusions as to which no response is

4    required.  To the extent a response is required, Defendant expressly denies (i) that

5    any trademark infringement or unfair competition occurred; (ii) that Defendant has

6    committed any wrongful act or act that has caused, is causing or will cause any

7    injury or damage to Plaintiff whatsoever; (iii) that Plaintiff is entitled to

8    Defendant's profits; and (iv) that Plaintiff is entitled to any relief of whatever

9    nature.  Except as expressly admitted, alleged or denied, Defendant denies the

10   remaining allegations of Paragraph 45.

11       46.    Paragraph 46 consists of legal conclusions as to which no response is

12   required.  To the extent a response is required, Defendant expressly denies (i) that

13   any trademark infringement or unfair competition occurred; (ii) that Defendant has

14   committed any wrongful act or act that has caused, is causing or will cause any

15   injury or damage to Plaintiff whatsoever; and (iii) that Plaintiff is entitled to any

16   relief of whatever nature.  Except as expressly admitted, alleged or denied,

17   Defendant denies each and every allegation contained in Paragraph 46.

18       47.    Paragraph 47 consists of legal conclusions as to which no response is

19   required.  To the extent a response is required, Defendant expressly denies (i) that

20   any trademark infringement or unfair competition occurred; (ii) that Defendant has

21   committed any wrongful act or act that has caused, is causing or will cause any

22   injury or damage to Plaintiff whatsoever; (iii) that Plaintiff is entitled to

23   Defendant's profits or attorneys' fees; and (iv) that Plaintiff is entitled to any relief

24   of whatever nature.  Except as expressly admitted, alleged or denied, Defendant

25   denies each and every allegation contained in Paragraph 47.

26

27

28

## THIRD CLAIM FOR RELIEF

### (Unfair Competition Under the California Common Law)

48.    Defendant realleges and incorporates herein by reference its responses to Paragraphs 1 through 47 as though set forth in full.

49.    Paragraph 49 consists of legal conclusions as to which no response is required.  To the extent a response is required, Defendant expressly denies that any trademark infringement or unfair competition occurred, and otherwise denies the remaining allegations of Paragraph 49.

50.    Paragraph 50 consists of legal conclusions as to which no response is required.  To the extent a response is required, Defendant expressly denies (i) that any trademark infringement or unfair competition occurred; (ii) that Defendant has committed any wrongful act or act that has caused, is causing or will cause any injury or damage to Plaintiff whatsoever; and (iii) that Plaintiff is entitled to any relief of whatever nature.  Except as expressly admitted, alleged or denied, Defendant denies each and every allegation contained in Paragraph 50.

51.    Paragraph 51 consists of legal conclusions as to which no response is required.  To the extent a response is required, Defendant expressly denies (i) that any trademark infringement or unfair competition occurred; (ii) that Defendant has committed any wrongful act or act that has caused, is causing or will cause any injury or damage to Plaintiff whatsoever; and (iii) that Plaintiff is entitled to any relief of whatever nature.  Except as expressly admitted, alleged or denied, Defendant denies each and every allegation contained in Paragraph 51.

52.    Paragraph 52 consists of legal conclusions as to which no response is required.  To the extent a response is required, Defendant expressly denies (i) that any trademark infringement or unfair competition occurred; (ii) that Defendant has committed any wrongful act or act that has caused, is causing or will cause any injury or damage to Plaintiff whatsoever; (iii) that Plaintiff is entitled to Defendant's profits; and (iv) that Plaintiff is entitled to any relief of whatever

nature.  Except as expressly admitted, alleged or denied, Defendant denies each and every allegation contained in Paragraph 52.

53.     Paragraph 53 consists of legal conclusions as to which no response is required.  To the extent a response is required, Defendant expressly denies (i) that any trademark infringement or unfair competition occurred; (ii) that Defendant has committed any wrongful act or act that has caused, is causing or will cause any injury or damage to Plaintiff whatsoever; and (iii) that Plaintiff is entitled to any relief of whatever nature.  Except as expressly admitted, alleged or denied, Defendant denies each and every allegation contained in Paragraph 53.

54.     Paragraph 54 consists of legal conclusions as to which no response is required.  To the extent a response is required, Defendant expressly denies (i) that any trademark infringement or unfair competition occurred; (ii) that Defendant has committed any wrongful act or act that has caused, is causing or will cause any injury or damage to Plaintiff whatsoever; (iii) that Plaintiff is entitled to exemplary damages; and (iv) that Plaintiff is entitled to any relief of whatever nature.  Except as expressly admitted, alleged or denied, Defendant denies each and every allegation contained in Paragraph 54.

## FOURTH CLAIM FOR RELIEF

### (California Statutory Unfair Competition (Cal. Bus. & Prof. Code §§ 17200 *et seq.*))

55.     Defendant realleges and incorporates herein by reference its responses to Paragraphs 1 through 54 as though set forth in full.

56.     Paragraph 56 consists of legal conclusions as to which no response is required.  To the extent a response is required, Defendant expressly denies that any trademark infringement or unfair competition occurred, and otherwise denies the remaining allegations of Paragraph 56.

Mitchell
Silberberg &
Knupp LLP

12032430.3

**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT**

57.    Paragraph 57 consists of legal conclusions as to which no response is required.  To the extent a response is required, Defendant expressly denies (i) that any trademark infringement or unfair competition occurred; (ii) that Defendant has committed any wrongful act or act that has caused, is causing or will cause any injury or damage to Plaintiff whatsoever; and (iii) that Plaintiff is entitled to any relief of whatever nature.  Except as expressly admitted, alleged or denied, Defendant denies each and every allegation contained in Paragraph 57.

## **PRAYER**

Defendant denies that Plaintiff is entitled to the relief requested in the Complaint or to any other relief whatsoever.

## **AFFIRMATIVE DEFENSES**

As separate and distinct affirmative defenses to Plaintiff's claims for relief, Defendant alleges the following without admission that such allegations are affirmative defenses on which Defendant bears the burden of proof.

## **FIRST AFFIRMATIVE DEFENSE**
### **(Failure to State a Claim)**

1.    The Complaint fails to state facts sufficient to constitute a claim for relief.

## **SECOND AFFIRMATIVE DEFENSE**
### **(Genericness)**

2.    Defendant has not infringed and is not infringing Plaintiff's purported trademark rights because the term "hand roll bar" is generic and/or highly descriptive and cannot and does not serve to identify a single source of origin, such that there is no likelihood of consumer confusion.

Mitchell
Silberberg &
Knupp LLP

12032430.3

### THIRD AFFIRMATIVE DEFENSE

### (Fair Use)

3.        Defendant has not infringed and is not infringing Plaintiff's purported trademark rights because Defendant's use of the term "hand roll bar" constitutes fair use.

### FOURTH AFFIRMATIVE DEFENSE

### (Waiver/Estoppel)

4.        Plaintiff has waived, and is estopped from asserting, any of its claims, including, but not limited to, by reason of Plaintiff's unreasonable delay in its efforts to enforce its purported trademark rights, if any, despite its actual or constructive awareness of the widespread third-party use of the term "hand roll bar" in conjunction with sushi restaurants.

### FIFTH AFFIRMATIVE DEFENSE

### (Acquiescence)

5.        Plaintiff's claims are barred, in whole or in part, by the doctrine of acquiescence, including, but not limited to, by reason of Plaintiff's unreasonable delay in its efforts to enforce its purported trademark rights, if any, despite its actual or constructive awareness of the widespread third-party use of the term "hand roll bar" in conjunction with sushi restaurants.

### SIXTH AFFIRMATIVE DEFENSE

### (Bad Faith/Unclean Hands)

6.        Plaintiff's claims are barred, precluded and/or limited by reason of Plaintiff's bad faith or unclean hands, including, but not limited to, because Plaintiff acted inequitable in acquiring and/or enforcing its purported trademark rights in "hand roll bar."

Mitchell
Silberberg &
Knupp LLP

12032430.3

**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT**

## SEVENTH AFFIRMATIVE DEFENSE

### (Laches/Statute of Limitations)

7.     Plaintiff's claims are barred, in whole or in part, by the doctrine of laches and/or any applicable statute of limitations, including, but not limited to, by reason of Plaintiff's unreasonable delay in its efforts to enforce its purported trademark rights, if any, despite its actual or constructive awareness of the widespread third-party use of the term "hand roll bar" in conjunction with sushi restaurants.

## EIGHTH AFFIRMATIVE DEFENSE

### (First Amendment)

8.     Plaintiff's claims are barred, in whole or in part, by the First Amendment to the United States Constitution.

## NINTH AFFIRMATIVE DEFENSE

### (Trademark Registration Void *ab Initio*)

9.     Plaintiff's claims are barred because its purported trademark registrations were void *ab initio*.

## TENTH AFFIRMATIVE DEFENSE

### (Trademark Invalidity)

10.     Plaintiff's claims are barred because its purported trademarks are invalid.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Trademark Lack of Distinctiveness/Secondary Meaning)

11.     Plaintiff's claims are barred because its purported trademarks are not inherently distinctive nor have secondary meaning.

## TWELFTH AFFIRMATIVE DEFENSE

### (Trademark Misuse)

12.     Plaintiff's claims are barred due to trademark misuse, in that Plaintiff is attempting to leverage its purported registrations beyond the legitimate bounds of trademark protection.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Trademark Non-Infringement)

13.     Defendant has not infringed and does not infringe any valid trademark owned by Plaintiff.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Lack of Willfulness)

14.     Without admitting that Defendant has infringed any trademark, or that Plaintiff possesses any trademark rights that could be infringed, Defendant has not acted willfully and has, at all times, acted in good faith.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

15.     Defendant is informed and believes, and based thereon alleges, that Plaintiff has suffered no damages, and if it has, Plaintiff has failed to make reasonable efforts to mitigate the damages alleged.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Excessive Fines Unconstitutional)

16.     Without admitting that Defendant has infringed any trademark, or that Plaintiff possessed any trademark rights that could be infringed, the recovery of certain damages, including Defendant's profits or treble damages, violates the

Excessive Fines Clause of the Eighth Amendment of the U.S. Constitution and comparable provisions of state constitution(s).

## SEVENTEENTH AFFIRMATIVE DEFENSE
### (Unjust Enrichment)

17.    The imposition of any liability against Defendant would unjustly enrich Plaintiff including but not limited to by reason of Plaintiff's unreasonable delay in its efforts to enforce its rights, if any, despite its actual or constructive knowledge of the widespread third-party use of the term "hand roll bar" in conjunction with sushi restaurants.

## EIGHTEENTH AFFIRMATIVE DEFENSE
### (Adequate Remedy at Law/Lack of Irreparable Harm)

18.    Plaintiff's request for injunctive relief is barred because Plaintiff has an adequate remedy at law and/or has failed to suffer any irreparable harm, and therefore is not entitled to the injunctive relief sought.

## RESERVATION OF ADDITIONAL DEFENSES

19.    Defendant expressly reserves the right to assert and rely upon additional affirmative defenses that become available or known during the course of this action, or otherwise.

WHEREFORE, Defendant requests relief on Plaintiff's Complaint as follows:

1.    That Plaintiff takes nothing by its Complaint, and that its Complaint be dismissed in its entirety, with prejudice, with judgment entered in favor of Defendant;

2.    For Defendant's attorneys' fees and costs incurred herein;

3.      That this case be deemed exceptional pursuant to 15 U.S.C. § 1117(a) and that all costs of this action, including Defendant's reasonable attorneys' fees, be assessed against Plaintiff and in favor of Defendant;

4.      For such other relief as the Court deems just and proper.

DATED: April 14, 2020                    MITCHELL SILBERBERG & KNUPP LLP
                                         KARIN G. PAGNANELLI
                                         BRADLEY J. MULLINS
                                         GABRIELLA A. NOURAFCHAN


                                         By:  /s/ Gabriella A. Nourafchan
                                              Gabriella A. Nourafchan
                                              Attorneys for Defendant
                                              The HRB Experience, LLC

1

## **<u>DEMAND FOR JURY TRIAL</u>**

2

Defendant demands a trial by jury of all claims and defenses so triable.

3

4
DATED: April 14, 2020               MITCHELL SILBERBERG & KNUPP LLP
                                    KARIN G. PAGNANELLI
                                    BRADLEY J. MULLINS
5                                   GABRIELLA A. NOURAFCHAN

6

7
                                    By:   /s/ Gabriella A. Nourafchan
8                                         Gabriella A. Nourafchan
                                          Attorneys for Defendant
9                                         The HRB Experience, LLC

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT**